IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| TROY WHITE, RONNIE WILLIAMS, ) | |
| WILLIAM TIPLER, JAMES EARNEST, ) | |
| JAMES GLOSTER and        ) | |
| STEVEN SIMMONS,          ) | |
|                         ) | |
|         Plaintiffs,      ) | |
|                         ) | |
| v.                      ) | No.06-2281-STA-tmp |
|                         ) | |
| MID-SOUTH TRANSPORTATION ) | |
| MANAGEMENT, INC.,        ) | |
|                         ) | |
|         Defendant.       ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF STEVEN SIMMONS**
_____

Before the Court is Defendant's Motion for Summary Judgment as to Plaintiff Steven Simmons (D.E. # 103) filed on April 20, 2010. Plaintiff has responded in opposition, and Defendant has filed a reply brief. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**BACKGROUND**

The following facts are not in dispute for purposes of this Motion unless otherwise noted. Plaintiff Steven Simmons was employed as a mechanic by Mid-South Transportation Management, Inc. ("MTM"), from February 1997 to August 10, 2004. (Def.'s Statement of Undisputed Facts ¶ 1.) On September 7, 2004, Plaintiff Steven Simmons ("Simmons") filed *Simmons v. Mid-South Transportation Management, Inc. and Memphis Area Transit Authority*,

1

Case No. 04-2701 in the United States District Court for the Western District of Tennessee. (*Id.* ¶ 2.) The defendants in that matter were MTM and Memphis Area Transit Authority ("MATA") (*Id.* ¶ 3.). Simmons brought his 2004 Complaint pursuant to Title VII and under Tennessee common law. (*Id.* ¶ 4.) In his Complaint, Simmons' allegations concerned his prior employment with MTM, claiming the company's actions constituted race discrimination and retaliation. (*Id.* ¶ 5.) Plaintiff objects to this statement arguing that Defendant cannot summarize the general allegations of the complaint as part of its statement of facts. Simmons further alleged that "[b]ecause of Plaintiff's race, and in reprisal for prior Title VII (EEO) activity, Defendants took unfair disciplinary action against Plaintiff." (*Id.* ¶ 6.) Simmons also alleged in his 2004 Complaint that "Defendants have taken other unlawful discriminatory and retaliatory acts against Plaintiff as a result of filing the March 8, 2004, EEOC charges, OSHA complaints, whistleblowing and participating in other protected grievance activities including, but not limited to, harassment, verbal intimidation and threats of termination, denial of promotions, and ultimate termination." (*Id.* ¶ 7.)

     Defendant MTM filed a motion for summary judgment in Plaintiff's 2004 case, and Plaintiff filed a response to the motion, asserting that he was denied a promotion in August 2001 on the basis of race and that MTM retaliated against him and terminated his employment for his act of filing a safety complaint. (*Id.* ¶ 8.) The district court granted summary judgment for MTM on these claims of race discrimination and retaliation under federal law. (*Id.* ¶ 9.) Plaintiff admits this fact to the extent that the Court granted summary judgment to MTM on all grounds alleged in its motion for summary judgment. The Court found that Plaintiff provided no evidence to show that he was treated differently than a similarly situated employee of a different

race. (*Id.* ¶ 10.) Plaintiff disputes that this statement is found anywhere in the Court's order. The Court held that Plaintiff's claims of retaliation were without merit, as he produced no evidence

> that any parties involved in investigating Plaintiff's accidents or infractions or who interviewed or disciplined Plaintiff knew of his EEO activity or any other protected activity before the decision to refer him to EAP. Likewise, the record is devoid of any evidence that those parties had any knowledge of EEO activity or other protected activity by Plaintiff before the decision to terminate him"
> (*Id.* ¶ 11.)

The district court also dismissed the state-law claims on the basis that Plaintiff could not meet his burden of proving he was an at-will employee and that these claims were dependent on an analysis of the collective bargaining agreement and therefore pre-empted by Section 301 of the Labor Management Relations Act. (*Id.* ¶ 12.)

It was undisputed by the parties in that prior litigation that Simmons began his employment with MTM on February 3, 1997, and that throughout his employment, he was a mechanic in the Maintenance Department. (*Id.* ¶ 13.) It was further undisputed that Simmons was involved in multiple accidents starting in 1998 and continuing through 2004. (*Id.* ¶ 14.) It was also undisputed that Simmons was ordered to participate in the Employee Assistance Program ("EAP") in connection with discipline being imposed and that Simmons' failure to cooperate in the program ultimately resulted in the termination of his employment. (*Id.* ¶ 15.) The district court found that "Plaintiff was responsible for and was also suspended for an accident resulting in major property damage. After Plaintiff's suspension, he was referred to EAP and refused to attend. He was then terminated." (*Id.* ¶ 16.) The court also found that Plaintiff, who was a member of the bargaining unit represented by ATU Local 713, grieved his termination and the arbitrator upheld the decision to terminate Plaintiff's employment. (*Id.* ¶

3

17.) The Court further found that "[d]uring arbitration Plaintiff did not present any facts demonstrating that he was terminated in retaliation for exercising a statutory or constitutional right or for any other reason that violated a clear public policy. He does not present any facts to support such a claim in this Court." (*Id*. ¶ 18.)

On May 12, 2006, Plaintiff Troy White filed suit in the instant case, on behalf of an asserted class of plaintiffs. (*Id*. ¶ 19.) On April 3, 2007, an Amended Complaint was filed, which included Steven Simmons as one of the named Plaintiffs. (*Id*. ¶ 20.) The Amended Complaint was brought pursuant to Title VII, the Tennessee Human Rights Act, and Tennessee common law. (*Id*. ¶ 21.)[1] The Amended Complaint alleges that Plaintiff Simmons was employed as a mechanic at MTM until his discharge in April 2004. (*Id*. ¶ 22.) The Amended Complaint alleges racially discriminatory employment policies and practices, including the administration of discipline, the denial of opportunities for promotion, and improper termination. (*Id*. ¶ 23.) The Amended Complaint alleges race discrimination, hostile work environment, intentional infliction of emotional distress and outrageous conduct, and retaliation under both state and federal law. (*Id*. ¶ 24.)

Defendant has moved for summary judgment arguing that Simmons' claims relating to his employment and termination from MTM are barred by the doctrine of claim preclusion. Simmons contends that his claims are distinct causes of actions and that claim preclusion does

---

[1] Plaintiff disputes this statement by asserting that in addition to the theories mentioned, the action was also brought pursuant to 42 U.S.C. § 1981 and alleged common law claims for punitive damages resulting from discrimination based on race, a racially hostile environment, outrageous conduct, intentional infliction of emotional distress and retaliatory actions including discharge. The Court finds that in large part these additional facts are addressed and admitted by Plaintiff in Defendant's subsequent statements of fact.

not apply.  Defendant's reply emphasizes that the inquiry is not whether the claims are different or distinct but whether the claims were or should have been brought in Simmons' prior case against MTM.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[2]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[3]  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[5]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

---

[2] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

one-side that one party must prevail as a matter of law."[7]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9] Finally, the "judge may not make credibility determinations or weigh the evidence."[10] Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[11]

## ANALYSIS

Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment.[12] Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit.[13] "The central purpose of claim preclusion is to prevent the relitigating of issues

---

[7] *Id*. at 251-52 (1989).

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[11] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

[12] *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). *See also Richardson v. Tennessee Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn. 1995).

[13] *Mitchell*, 343 F.3d at 819 (citations omitted).

that were or could have been raised in [a prior] action."[14]  In order to assert claim preclusion, a party must demonstrate that (1) the prior decision was a final decision on the merits, (2) the present action is between the same parties or their privies as those to the prior action; (3) the claim in a present action was or should have been litigated in the prior action; and (4) an identity exists between the prior and present actions.[15]

The Court holds that the doctrine of claim preclusion applies to Simmons' claims in the case at bar.  First, the prior decision was a final decision on the merits.  In Simmons' prior case, Judge Mays granted MTM summary judgment on all of Simmons' claims relating to his employment with MTM.  The Sixth Circuit has held that a grant of summary judgment pursuant to Rule 56(c) constitutes a decision on the merits.[16]  Therefore, the Court holds that the first element of claim preclusion is satisfied.

Second, the present action is between the same parties or their privies as those to the prior action.  Simmons is one of the named Plaintiffs in the case at bar against Defendant MTM.  Likewise, Simmons' prior suit was against MTM as well as Memphis Area Transit Authority ("MATA"), thus satisfying the second element of claim preclusion.[17]

---

[14] *Federated Dep't Stores, Inc., v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (quotations omitted).

[15] *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).  *See also Lien v. Couch*, 993 S.W.2d 53, 5 -56 (Tenn. Ct. App. 1998).

[16] *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990).

[17] Judge Mays dismissed Simmons' employment claims against MATA because MATA was not Simmons' employer.  *See* Order Granting Def. Mid-South Transp. Mgmt.'s Mot. Summ. J, No. 04-2701-SHM-tmp, 11-12, Sept. 19, 2007.  The Court finds absolutely no support for Plaintiff's contention that Simmons' prior action was filed against a party other than MTM.

Third, Simmons' claims in the present action were or should have been litigated in his prior action against MTM. In the prior suit, the Court granted MTM summary judgment on Plaintiff's Title VII claims of race discrimination and retaliation and Tennessee state law claims of retaliatory discharge and wrongful termination. In the present suit, Simmons alleges Title VII claims of race discrimination, retaliation, and hostile work environment; a claim pursuant to 42 U.S.C. § 1981; a claim under the Tennessee Human Rights Act ("THRA"); and Tennessee state law claims for intentional infliction of emotional distress, outrageous conduct, and hostile work environment. Simmons' Title VII claims for race discrimination and retaliation in this suit are identical and derived from the same factual circumstances set forth in his prior suit. The Court concludes that these claims were actually litigated in the prior suit and are now barred as res judicata. Simmons argues against the application of claim preclusion as to other causes of action simply because Simmons did not allege them in his prior case. Simmons emphasizes that the new claims present different theories of recovery and involve different witnesses and documents. While Simmons' new claims are distinct theories of recovery, Simmons fails to explain why his new causes of action should not have been litigated in his prior suit against MTM. All of Simmons' claims, old as well as new, relate to his employment as a mechanic with MTM. Simmons was terminated on August 10, 2004, and filed his first suit against MTM on September 7, 2004. Therefore, all of the facts upon which his claims rest were known to Simmons when he filed his first suit against MTM. Simmons has not alleged any new facts or information that was not previously available to him. As a result, Simmons has failed to show that a triable issue exists about whether his claims in the present case should not have been litigated in his prior action against MTM. Therefore, the Court finds that the new claims should have been litigated

in his prior suit against MTM because Simmons was aware of the facts giving rise to these claims at the time of his prior suit.

Finally, an identity exists between Simmons' prior and present actions. Identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action."[18] More specifically, there is an "identity of claims" if "the claims arose out of the same transaction or series of transactions" or if "the claims arose out of the same core of operative facts."[19] This element is met here in so far as Simmons' claims arise out of the same core of operative facts, namely, his employment with MTM and eventual termination. All of Simmons' claims relate to his allegations about his discriminatory treatment as an employee at MTM on the basis of his race, his complaints about that treatment, and ultimately MTM's decision to dismiss him. Therefore, the Court holds that this fourth and final element is satisfied.

Based on the Court's holding that Simmons' claims are barred as res judicata, Defendant's Motion for Summary Judgment as to those claims is **GRANTED**. The Court need not reach Defendant's arguments about the doctrine of issue preclusion.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[18] *Westwood Chemical Co. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981).

[19] *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (quotations and citations omitted).

Date: July 23rd, 2010.